In re Sunergy California LLC, Rosendo Gonzalez, Counsel for Appellant Gonzalez and Gonzalez Law, PC, Jorge Caetan, Counsel for Appellee, U.S. Trustee, Christopher H. Hart, Counsel for Appellee, Hank Spicone, Post Confirmation Liquidating Trustee. All right, good morning, Mr. Gonzalez, would you like to reserve any time? Yes, Your Honor, if I can have five minutes. Five minutes. All right, very good. Please proceed. Good morning. May it please the panel. I believe that this oral presentation is likely to be one of the shortest one on today's calendar in view of the narrow issue for this panel. Judge Klein essentially rely on the LAMI decision and not allowing or reducing my firm's fees. However, the LAMI decision did not specifically involve the question of attorney's fees incurred by counsel for a debtor in possession in a Chapter 11 case, challenging the appointment of a Chapter 11 trustee. There's no question that an order appointing a Chapter 11 trustee can be challenged and in theory even reversed. Whether on the record at the October 26, 2022 hearing or in the November 22 opinion or in the November 2022 order, Judge Klein did not specifically consider the possibility that my firm was acting in the best interest of the bankruptcy state in challenging the trustee's appointment in that that appointment of the trustee could be reversed. So counsel, are you suggesting that LAMI doesn't apply because it's in the context of a Chapter 7 conversion instead of the appointment of a Chapter 11 trustee? No, well, your honor, there's actually been, I believe, four cases in the Northern Eastern District where they specifically said that doesn't make any difference, whether it's a Chapter 11 or Chapter 7. But I just want to point out the actual decision involved different facts than what we have before this panel. But the principle of LAMI is what I'm concerned about, and that is what Judge Klein relied upon in making his decision, right? And the principle is that once there is no longer a debtor in possession, whether it be by conversion or by appointment of a separate trustee, the counsel for the debtor ceases to operate under Section 327 as the representative of the estate. I'm not disputing or challenging the LAMI decision, and I'm not disputing or challenging Judge Klein's application of the LAMI decision, but I think in applying the LAMI decision, the set of facts in this case creates an issue that wasn't addressed in the LAMI, and it hasn't been addressed by any court or on a published decision that I could find, whether in this circuit or anywhere else. And it kind of creates a situation that wasn't considered because, clearly, there's no dispute. If the appointment of the Chapter 11 trustee were to reverse, my firm's fees would likely would have been approved if we were to continue to be the VIP counsel under 11 USC Section 330. That's a possible scenario. I know it's unlikely that the appointment of a Chapter 11 trustee is going to be reversed, but let's take this hypothetical. What happens if, in this scenario, in this court, the Chapter 11 appointment is reversed? All the work that was done in appealing that decision would, in theory, be likely to be approved at the end of the case as counsel for the debtor in possession. So the LAMI decision doesn't quite touch that or applies to that. So that's an unusual situation, and I admit that I can't find any case that it's on point. I'm not aware of any, but that possibility is there. So the argument is that it wasn't specifically addressed. The argument that, or Judge Condon, as specifically on the record, addressed or considered the argument that my firm's fees in challenging the Chapter 11 appointment on behalf of the bankruptcy state was appropriate under the circumstances, because, in theory, it could have been overturned. I'm not arguing whether the appointment of the trustee was in the best interest of the estate, but more of my firm's fees in challenging on behalf of the debtor in possession the appointment of the trustee, whether those fees were reasonable and necessary, considering the financial realities that were before Judge Klein, and the possibility that the appointment of the trustee could have been overturned. That's it, Your Honor. I have nothing more. No, but I mean, I guess that's the conundrum for me, is that you said just now, you know, whether your fees on behalf of the debtor in possession challenging the appointment of the trustee, but at the time that you're doing that, there is no debtor in possession, right? Because the order's effective upon appointment, so you're not challenging it on behalf of the debtor in possession at that point, right? You're challenging it on behalf of the debtor. Correct. That's correct, Your Honor. And again, the LAMI decision, the facts, I'm trying to create a distinction in the LAMI decision, which is really small, based on the facts before this panel, which is, again, unusual, I haven't seen it, but I raised that possibility of a distinction, because in theory, I can't imagine a case where the appointment of a trustee is overturned, and the one that probably brought that up here would be the debtor in possession, and would be counsel for the debtor in possession. So then what? So, counsel, in this instance, I thought the record reflected that by the time you'd filed your fee application, there had been the Chapter 11 trustee appointed, the appeal had been pursued, then the appeal had been abandoned, and the judge then made the determination he would bifurcate the fee application between work performed before the appointment and work performed after. At that point, he knew there was no reversal of the decision. He knew there was no benefit to the estate from the work that was performed. That's different than the hypothetical you've proposed, where there's a possibility still existing that this decision might be reversed. By the time he's making this determination, isn't it pretty clear?  The order appointing the Chapter 11 trustee will be the final order in the case, right? Right. I agree, Your Honor, that when the decision is being made, the appeal has been withdrawn because it's moved since the two motions to stay had been denied. But when the decision was made, it was relied entirely on the Lame decision. The question of whether it was in the best interest of the estate and the debtor to challenge the appointment of the trustee was not made. It was simply based on the Lame and the argument that it's a final decision. Anything that was incurred after the appointment of the trustee was not allowed. I'm just saying that there should have been at least a consideration, and it wasn't on the record, and it wasn't on the published opinion or the issue opinion or memorandum, that the issue is it couldn't happen. Obviously, it did not happen. The order did not get overturned, but now we're playing Monday morning quarterback. When we incur those fees, we didn't know that the decision was going to be, the two motions were going to be denied, the appeal was going to be withdrawn. When the work was being rendered, the debtor and my firm believed that it was in the best interest, and I think the facts ultimately proved it because of the unlikely substantial distribution to the unsecured creditors. But counsel, I guess the concern that Judge Brand raised was that at the time you're performing the work at that point, you have a contract continuing to perform work for the debtor, but you don't have any authorization by the court to continue to work on behalf of the estate because you're no longer working for the estate. You're working to reinstate the debtor. And so while you may have a right to seek fees from that entity, you don't have the right, at least that's what Judge Klein ruled right, to get them from the bankruptcy estate. And you're still trying to get the money that you pursued for the benefit of the debtor from the bankruptcy estate. That's correct, Your Honor. I fully acknowledge that, Your Honor. All right. I just want to make sure I understand your argument. Thank you. I'll reserve whatever time left for anybody. All right. Very good. Thank you. May it please the Court, Christopher H. Hart appearing on behalf of post-confirmation trustee Hank Spicconi, and I am joined in the courtroom by my client, Mr. Spicconi. Unless there are any questions specific to my client's position, we are going to defer to the arguments of the United States trustee. All right. Any questions? No. No. I'm sorry. I walked away. No, no. No questions. No questions for you. Go ahead. Good morning, distinguished panel, and may it please the Court. My name is Jorge Gaetan. On behalf of the United States Department of Justice, I represent Eppley Tracey Hope Davis, the United States trustee for Region 17. This is, from our perspective, this is a question, a straightforward question of law, and we believe this court should affirm the bankruptcy court's ruling and findings that Lamy applies to this case, which I believe appellant has conceded in briefs and before this court today. The central question is, is seeking a carve-out from Lamy for debtor's counsel, although Lamy itself was about the deletion of a debtor's attorney from the statute. And when it decided Lamy, the Supreme Court did consider the fact that some attorneys might provide beneficial services after the appointment of a trustee. And that's, appellant is arguing that they did that. But the Supreme Court found that because of the deletion, in order to give effect to the statute, a debtor's counsel simply does not, is not entitled to fees under 330A1 simply by virtue of being debtor's counsel. They have to be employed by the state, by the estate. In this case, they've conceded they were not re-employed by the bankruptcy estate, and so they should not be, they don't meet the threshold for compensation from the bankruptcy estate. And that is the central argument. As an alternative basis, we believe that the case, the court could affirm also on the trial court's finding under 330A4A, that services incurred were not likely to benefit the bankruptcy estate and not necessary to the administration. But I will leave our briefs to speak to that issue. And unless you have any questions, I would submit on our briefs. Questions? I don't. No. No, thank you. Thank you. All right, Mr. Gonzalez, you've got a little under six minutes. Well, I'll be really brief. I hate to beat a dead horse. That, again, let me, you know, I understand the argument that there still has not been a ruling, whether by this panel or Ninth Circuit or any court of appeals or the Supreme Court, on a possible distinction between the facts and, I mean, where it was the conversion to Chapter 7 and the appointment of a Chapter 7 trustee. And this is not quite the same. And again, I'm aware of the five decisions from the Northern District, Eastern District Bankruptcy Court saying that there's really no distinction between that. But I'm just saying that I'm on point. There's not any subsequent public decision by any court of appeals or district court or the Supreme Court clarifying whether it still would apply. But again, I'm cognizant of the other rulings by those five courts. I have nothing further to add. And thank you for taking the time to listen to my possible argument of a different distinction. Thank you. Thank you all for your arguments. This matter is submitted.
judges: BRAND, GAN, and CORBIT